# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF
# ALABAMA NORTHEASTERN DIVISION

| | |
|---|---|
| Jane Doe, ) | |
| ) | |
| Plaintiff. ) | Civil Action No.: |
| ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| The Board of Trustees of the ) | |
| University of Alabama for and ) | |
| On behalf of the University of ) | |
| Alabama in Huntsville ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Jane Doe, ("Plaintiff") by and through her undersigned counsel, and hereby files this Complaint against the The Board of Trustees of the University of Alabama for and on behalf of the University of Alabama in Huntsville. ("Defendant") and seeks redress violation of Title IX 20 U.S.C. § 1681 and any other cause(s) of action that can be inferred from the facts set forth herein and states the following:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Title IX 20 U.S.C. § 1681, 28 U.S.C. §1331, and 28 U.S.C. §1343(a)(4).

2. The unlawful acts alleged herein took place within the North Eastern Division of the Northern District of Alabama.

3. Venue is proper in this Court, the United States District Court for the Northern District of Alabama, pursuant to **Title 28, U.S.C. § 1391** and the Local Rules of the United States District Court for the Northern District of Alabama.

## PARTIES

4. Plaintiff Jane Doe, a female, is domiciled in the state of Alabama.

5. The Defendant, The Board of Trustees of the University of Alabama for and on behalf of the University of Alabama in Huntsville is a public university located in Huntsville, Alabama, and is a recipient of federal educational funds.

## GENERAL FACTS

6. Plaintiff began her enrollment as a scholarship student with the University Alabama, Huntsville in August of 2017 concentrating her studies in math and aerospace fields.

7. Plaintiff was sexually assaulted in 2017.

8. Plaintiff was a successful student until the sexual assaults occurred in 2017.

9. Plaintiff eventually lost her scholarship and withdrew enrollment with University of Alabama, Huntsville due to her depression caused by the sexual assaults.

10. On July 27, 2018, Defendant gained direct knowledge but was deliberately indifferent to Plaintiff's allegations.

## COUNT I

## VIOLATION OF TITLE IX 20 U.S.C. § 1681, *et seq.*

11. Plaintiff repeats and realleges counts 1-10 as if fully set forth herein.

12. The Board of Trustees is responsible for the running of the University of Alabama in Huntsville, which is an educational institution that receives federal funds and is thus subject to Title IX.

13. The sex-based harassment suffered by the Plaintiff was so severe, pervasive, and objectively offensive that it deprived her of equal access to educational opportunities provided by Defendant.

14. Around September of 2017 Plaintiff was sexually assaulted by a male student while she was incapable of consenting.

15. Around October or November of 2017, a second male student forced Plaintiff to engage in unconsented sex with him.

16. Around the end of July 2018 Plaintiff informed her friend, Phillip Lane, about the sexual assaults that had occurred.

17. A few days later on or about July 27, 2018, Phillip Lane, who worked in the resident hall, informed Nick Ainsle, the assistant resident director, about multiple sexual assaults that had occurred to the Plaintiff with two different male students.

18. Nick Ainsle then told his supervisor, Elizabeth Johnson.

19. Following procedure, Ms. Johnson then told the Dean of Students.

20. After Ms. Johnson told the Dean of Students, the Dean contacted Plaintiff around the end of July 2018.

21. It is at this point that Plaintiff explained to the Dean of Students that the sexual assault occurred in the resident hall where she had been assigned to be an RA.

22. Plaintiff requested a transfer so that she did not have to daily walk the halls and walk past the very room she was raped in, being forced to relive her trauma.

23. However, Plaintiff was not granted such transfer and was informed no transfer was available.

24. Other students were transferred for a number of reasons on different occasions.

25. Specifically, Plaintiff was aware of a transfer sometime in the fall of 2018 due to her position as a RA. The transfer was based on roommates not being able to get along after trying to reconcile.

26. Further, Plaintiff was aware of another transfer sometime in the fall of 2018 where a RA was moved to off campus housing because her roommate had obtained an emotional support animal.

27. Further, at the meeting in July, Plaintiff agreed to request an investigation into the allegations of sexual misconduct that she was alleging and began such efforts with the Dean of Students.

28. The Dean of Students promised Plaintiff that if she started the investigation, "no contact" letters would immediately be sent out to her alleged attackers.

29. However, once the process was initiated, Plaintiff saw no investigation into the allegations nor was she informed of any such investigation and letters were never sent out.

30. Plaintiff was eventually placed in classes with one of the male students who she had informed the Dean of Students had sexually assaulted her.

31. Plaintiff was also contacted by one of the male student's friends regarding the investigation into the sexual misconduct.

32. The friend was attempting to gain information and spread rumors around the school about what had happened.

33. In her July 2018 meeting with the Dean of Students, he insinuated that he did not believe her story.

34. He told the Plaintiff "I don't want to hear that you were conscious for part of this," insinuating that if she were, it could not have been rape.

35. This caused Plaintiff to further sink into depression and suffer panic attacks, and eventually an attempted suicide required hospitalization.

36. Plaintiff had to attend emergency counseling appointments due to her fear of her safety on campus and fear of harming herself due to being forced to stay in the same residence hall where she was assaulted and continuing to see her attackers.

37. In the Fall Semester of 2018 Plaintiff had three classes a week with one of the male students she alleged sexually assaulted her.

38. She was again informed by the Diversity Coordinator at the time, who was assigned to investigate Plaintiff's claim, that "no contact letters" would be sent, but this never occurred.

39. Instead the school attempted to move Plaintiff's schedule and force her to take other classes which further added to Plaintiff's anxiety and depression.

40. After multiple attempts to have an investigation and "no contact" letters sent out Plaintiff was told by the Dean of Students that he did not believe she was in any danger, and, as a result, there was nothing he could do for her.

41. Finally, in Fall of 2018, a RA position at another dorm became available.

42. Plaintiff attempted to transfer to this dorm but was not allowed to.

43. The main reason given for her denial of transfer, which was given by the Assistant Director of Housing, was that any other dorm she could be transferred to had a high risk of sexual assault as well.

44. At this point, Plaintiff felt like the Defendant was forcing her to relive her trauma.

45. Around February of 2019, Plaintiff was told that she would not be allowed to return as a RA because she was "too depressed."

46. Plaintiff is unaware of any action taken from July 27, 2018, when she reported the sexual assaults until May 2019 when Plaintiff made the decision to not return to classes with Defendant.

47. Further, Plaintiff is not aware of any disciplinary hearing or investigation occurring for either of the male students' conduct.

48. Defendant's failure to promptly and correctly respond to Plaintiff's allegations proximately caused the Plaintiff to be excluded from and denied educational opportunities provided by Defendant to her.

49. Defendant failed to take immediate or effective remedial actions to investigate or resolve Plaintiff's complaint of sexual assault and harassment, but instead acted with deliberate indifference toward the Plaintiff and

persisted in this course of action after Defendant had actual knowledge of the damages suffered by Plaintiff.

50. Defendant engaged in a pattern and practice of behavior designed to actively discourage students who had been sexually assaulted and/or harassed from seeking prosecution and/or reporting Title IX complaints to the Defendant.

51. These policies and/or practices culminated in disparate treatment of women, and had a disparate impact of female students, including the Plaintiff.

52. As a proximate result of the action and/or inactions of the Defendant, Plaintiff has been caused to suffer extreme emotional distress, mental anguish, fear for her personal safety, and other damages that result from Defendant's deliberate indifference to Plaintiff's rights under Title IX.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant, in such amount as a jury may assess as just, including the costs of this action and reasonable attorney's fees, and Plaintiff requests this Court enter an order directing Defendant to promulgate more effective policies and procedures to ensure that other students are not victimized in a similar manner.  Plaintiff requests such other, further and different relief to which she may be entitled.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands trial by jury.

Respectfully submitted,

/s/ *D. Jeremy Schatz*
D. Jeremy Schatz
ASB-2400-H34Y
*Attorney for Plaintiff*

OF COUNSEL:
The Patton Firm
3720 4th Avenue South
Birmingham, AL 35222
Phone: (205) 933-8953
Fax: (205) 449-4897
jschatz@thepattonfirmal.com

## CLERK: PLEASE SERVE VIA CERTIFIED MAIL:

University of Alabama, Huntsville
c/o Brent Wren, Ph.D, Associate Provost 301 Sparkman Drive
Huntsville, Alabama 35899